Mark E. SCHLUDE and Marzalie Schlude, Husband and Wife, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 16443.

United States Court of Appeals
Eighth Circuit.

Dec. 15, 1961.

Robert Ash, Washington, D. C., made argument for petitioner, and Carl F. Bauersfeld, Washington, D. C., was with him on the brief.

Burt J. Abrams, Atty., Dept. of Justice, Washington, D. C. made argument for the respondent. Louis F. Oberdorfer, Asst. Atty. Gen., Dept. of Justice, and Lee A. Jackson and Harry Baum, Attys., Dept. of Justice, Washington, D. C. were with him on the brief.

Before SANBORN, VAN OOSTERHOUT and MATTHES, Circuit Judges.

PER CURIAM.

For the second time this case is here for determination. Our first opinion, 283 F.2d 234, reversed the decision of the Tax Court. On June 19, 1961, the Supreme Court of the United States rendered its decision in American Automobile Association v. United States, 367 U.S. 687, 81 S.Ct. 1727, 6 L.Ed.2d 1109. On the same day the Supreme Court, by per curiam order in this case, directed that "(t)he judgment is vacated and the case is remanded in light of American Automobile Association v. United States * * *," Commissioner of Internal Revenue v. Schlude et ux., 367 U.S. 911, 81 S.Ct. 1915, 6 L.Ed.2d 1248. On October 9, 1961, in denying petition for rehearing, the Supreme Court, 368 U.S.

873, 82 S.Ct. 25, amended its per curiam order of June 19, 1961, as follows: "The judgment is vacated and the case is remanded *for further consideration* in the light of American Automobile Association v. United States * * *." (Emphasis supplied.)

Pursuant to our invitation, counsel for petitioners and the Commissioner filed supplemental briefs and presented oral arguments directed largely to the question of whether this case falls within the ambit of the teachings of American Automobile Association, supra. In light of that case we have carefully examined and considered petitioners' method of accrual accounting and are convinced that such method does not, for income tax purposes, clearly reflect income.

Accordingly, our judgment previously entered is vacated, and the decision of the Tax Court is affirmed.